*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re BECKETT, Minors.

UNPUBLISHED
April 18, 2024

No. 367839
Gladwin Circuit Court
Family Division
LC No. 22-000025-NA

Before: RIORDAN, P.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating her parental rights to her minor children, (KB) and (AB), under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions), MCL 712A.19b(3)(g) (failure to provide proper care or custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent). We affirm.

## I. FACTUAL BACKGROUND

The trial court took jurisdiction with respect to KB and AB following the authorization of the Michigan Department of Health and Human Services's (DHHS) petition for temporary custody pursuant to MCL 712A.2(b)(2) (unfit home environment due to neglect). After more than a year of respondent not complying with services to the court's satisfaction, DHHS filed a supplemental petition for permanent custody, which sought termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(i), (c)(ii), and (j). The court authorized the petition, which alleged that respondent continued to abuse methamphetamine and failed to engage with her service plan. The trial court terminated respondent's parental rights, finding the statutory grounds for termination were met pursuant to MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j), and that it was in the best interests of KB and AB to do so. The trial court found that every service available in Gladwin County had been offered to respondent, respondent did not have consistent employment, she failed to complete or benefit from counseling and therapy, failed to complete recommendations given following a psychological evaluation, failed to participate in drug screenings, and failed to complete substance abuse treatment.

-1-

## II. STATUTORY GROUNDS

Respondent argues that the trial court's finding that statutory grounds for termination of parental rights were established was clearly erroneous. We disagree.

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). This Court reviews a trial court's factual findings and ultimate determinations on the statutory grounds for termination for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (quotation marks and citation omitted). Notably, the clear and convincing evidence standard is "the most demanding standard applied in civil cases[.]" *Id.* (quotation marks and citation omitted).

> Evidence is clear and convincing if it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct, and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Id.* (quotation marks and citation omitted).]

The trial court "may take into consideration any evidence that had been properly introduced and admitted at the adjudication trial . . . ." *In re Mota*, 334 Mich App 300, 316; 964 NW2d 881 (2020). The trial court may also consider "any additional relevant and material evidence that is received by the court at the termination hearing . . . ." *Id.*

A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*i*) if "the conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." *In re White*, 303 Mich App at 710 (quotation marks and citation omitted). "This statutory ground exists when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services." *Id.* (quotation marks and citation omitted).

The primary condition that led to the adjudication was respondent's substance abuse, which corresponded with physical abuse of her stepson and allegations of improper supervision. There is sufficient evidentiary support for the court's conclusion that respondent, despite having ample time to complete services and participate in substance abuse treatment, failed to do so. Respondent had 14 months to complete her service plan and make progress with her substance abuse disorder. Respondent failed to complete substance abuse treatment, failed to complete and pass drug

screenings, and failed to attend more than 25% of individual counseling sessions. Respondent was offered a slew of services including counseling, "baby court,"[1] parenting classes, and substance abuse treatment, but the services were not sufficient to remove the barriers to reunification. Respondent attempted inpatient rehabilitation services four times, but she never successfully completed the programs. Respondent also attempted outpatient services without completion. Respondent was offered 121 drug tests during the case's pendency, but she only partook in 4 with each returning positive for methamphetamine and THC. The trial court found there was no reasonable likelihood that these conditions would be rectified within a reasonable time, and given the lack of progress over this case's pendency, this finding was not a clear error. Because only one ground need be established for us to affirm, we decline to address the other grounds cited by the trial court. See *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

## III. BEST INTERESTS

Respondent argues that the trial court's finding that termination of parental rights was in the best interests of the child was a clear error. We disagree.

"Even if the trial court finds that the Department has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). This Court reviews a trial court's best-interests determination for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App at 296-297.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). When making its determination, the trial court should weigh all of the evidence available to it and may consider the following:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022) (quotation marks and citation omitted).]

Moreover, "[a] child's placement with relatives is a factor that the trial court is required to consider." *In re Gonzales/Martinez*, 310 Mich App at 434. While placement with a relative weighs against termination, it is not dispositive because a trial court "may terminate parental rights

---

[1] Baby court is a program designed to provide services to children under age four and their families.

-3-

in lieu of placement with relatives if it finds that termination is in the child's best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

The trial court reviewed the evidence presented by respondent and DHHS before finding that it was in the best interests of KB and AB to terminate respondent's rights. The court concluded that the termination was appropriate because of respondent's continued substance abuse, specifically with methamphetamine. As discussed, there was evidence that respondent lacked engagement and failed to complete any of her required services and was still abusing substances. There was testimony that the children urgently needed permanence, and it was reasonable to infer from respondent's ongoing substance abuse that she could not provide a stable, permanent home for KB and AB. The trial court did consider the bond between the children and respondent, but it noted that a strong bond alone was not enough to prevent termination. Relative placement was being considered, but there was testimony suggesting that the proposed relative placements were not suitable. There was testimony that the foster home caring for KB and AB was adequate and that their needs were being met. Considering all of the evidence, the court concluded that, by a preponderance of the evidence, it was in the best interests of KB and AB to terminate respondent's parental rights. This determination was not clearly in error given the aforementioned findings.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado